**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

IN RE: APPLICATION OF THE UNITED
STATES OF AMERICA FOR ORDER
PURSUANT TO THE TREATY ON MUTUAL
ASSISTANCE IN CRIMINAL MATTERS AND
TITLE 18, UNITED STATES CODE,
SECTION 3512

**Request for Assistance from the Principality of**
**Liechtenstein, U.S. Criminal Matter 182-65718**
_____/

## APPLICATION FOR ORDER TO APPOINT COMMISSIONER

The United States of America, by and through its undersigned counsel, hereby files this *Application for Order to Appoint Commissioner*, pursuant to 18 U.S.C. § 3512, appointing Assistant United States Attorney Michael B. Nadler, or a substitute or successor, subsequently designated by the Office of the United States Attorney, as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the above captioned request from the Ministry of Justice, Court of Justice for the Principality of Liechtenstein made pursuant to the Treaty. In support of this application, the United States asserts:

### RELEVANT FACTS

The Ministry of Justice, Court of Justice for the Principality of Liechtenstein, submitted a request for assistance (hereinafter, "the Request") to the United States of America, pursuant to the Treaty Between the United States of America and the Principality of Liechtenstein on Mutual Legal Assistance in Criminal Matters, U.S.-Liech., S. TREATY DOC. NO. 107-16 (2002)

(hereinafter, "the Treaty"). Under the Treaty, the United States of America has an obligation to render assistance to the Principality of Liechtenstein.

According to the Request, the Liechtenstein Public Prosecution is conducting an investigation (case no. 13 UR.2018.271) of Matthias Krull for the alleged criminal activity of money laundering, in violation of the Liechtenstein Criminal Code Section 165 paragraphs 1 to 3 (and in conjunction with Section 74a paragraph 1 of the Liechtenstein Criminal Code regarding the legal entities); which occurred between January 1, 2015 through January 31, 2020 (a copy of the Extract from the Liechtenstein Criminal Code (Strafgesetzbuch, StGB/StPO), applicable law is included as Attachment A).

The Liechtenstein investigation of Matthias Krull, is in connection with an ongoing Swiss investigation, which involve Petroleos de Venezuela SA (PDVSA), a state owned company in Venezuela. Swiss authorities believe that during 2015 and 2018, Swiss banks accepted bribes in exchange for supporting Venezuelan officials who were associated with PDVSA. Liechtenstein authorities suspect funds were laundered through banks in Liechtenstein. According to financial analysis reports performed by the Liechtenstein Financial Intelligence Unit (FIU), these reports showed that the defendants transferred $2 million EUR (approximately, $1,183,400 USD) from LGT Bank in Liechtenstein to a Bank of New York Mellon account (USA), held by Portmann Capital Management Limited. Furthermore, the reports showed that funds were later transferred to a JPMorgan Chase Bank account (USA), held by Solar Cargo CA. Liechtenstein authorities believe that the funds are of criminal origin and used to purchase real estate in Miami, Florida (USA), and investments in complex bogus company and currency exchange schemes.

To further their investigation, the Liechtenstein Public Prosecution have asked the U.S.

Department of Justice to 1) investigate the companies and individuals referred in the request; 2) obtain bank records from Bank of New York (USA) account xxxx002, held by Portmann Capital Management Limited between January 1, 2015 through present; and 3) obtain bank records from JPMorgan Chase Bank, N.A. (USA) account xxxx090, held by Solar Cargo CA between January 1, 2015 through present.

## LEGAL BACKGROUND

A.   The Treaty

A treaty constitutes the law of the land.  U.S. Const. art. VI, cl.2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

The Treaty obligates each party, upon request, to provide assistance in connection with the investigation and prosecution of offenses and in related forfeiture proceedings.

B.   18 U.S.C. § 3512

When executing a treaty or non-treaty request for assistance from a foreign authority, the designated attorney for the Government may file an application to obtain any necessary court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge

3

> may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

An application for execution of a request under this section may be filed in this district, where the majority of the evidence is located.

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters. Section 18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

An application is duly authorized by an appropriate official of the U.S. Department of Justice, Office of International Affairs which serves as the "Central Authority" for the United States of America; has reviewed and authorized the request, and executes the request itself or delegate execution of the request to another attorney for the Government.[2]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths;

---

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R.  0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

(3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States, 18 U.S.C. § 3512(f) (a copy of a "Commissioner Subpoena" is included as Attachment B).

C.  REQUEST FOR ORDER

As demonstrated by a referral letter dated February 4, 2019 from the Office of International Affairs to the United States Attorney's Office for the Southern District of Florida, for execution of the request. Consequently, this application for an Order appointing the undersigned Assistant U.S. Attorney as a "Commissioner," to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority." The Ministry of Justice, the designated Central Authority in the Principality of Liechtenstein for requests made pursuant to the Treaty. Article 2. Furthermore, the Order is necessary to execute the Request, and the aforementioned assistance requested, falls squarely within that contemplated by both the Treaty and Section 3512. Lastly, the witnesses sought and documents requested, appear to be located in the Southern District of Florida.

Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Article 5. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), an order and commissioner subpoena issued in execution of a

6

treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient of the commissioner subpoena.

Therefore, the United States respectfully requests this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney or a substitute or successor, subsequently designated by the U.S. Attorney's Office, Southern District of Florida as a commissioner, authorized to take the actions necessary, including the issuance of a commissioner subpoena, to obtain the evidence requested in a form consistent with the intended use thereof.

        Respectfully submitted,

        ADRIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY


By:   /s/ *Michael B. Nadler*
        MICHAEL B. NADLER
        ASSISTANT UNITED STATES ATTORNEY

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 10, 2019, the foregoing document was filed with the Clerk using CM/ECF.

    /s/ *Michael B. Nadler*
Michael B. Nadler
Assistant United States Attorney
Florida Bar No. 51264
U.S. Attorney's Office-SDFL
99 NE 4th Street
Miami, FL 33132
Tel.    (305) 961-9244
Email: Michael.Nadler@usdoj.gov