# ATTACHMENT A

## Extract from the Liechtenstein Criminal Code (Strafgesetzbuch, StGB)

### § 17
### *Classification of offences*

1) Intentional acts carrying a penalty of imprisonment for life or of more than three years shall be deemed crimes.

2) All other offences shall be deemed misdemeanors, unless otherwise specified by supplementary criminal laws.

### § 20
### *Forfeiture*

1) The court shall impose the forfeiture of any assets obtained for or through the commission of a punishable act.

2) The forfeiture shall also include any benefits and replacement values of the assets subject to forfeiture in accordance with paragraph 1.

3) If the assets subject to forfeiture in accordance with paragraphs 1 and 2 are no longer available or if no forfeiture is possible for any other reason, the court shall impose the forfeiture of the monetary equivalent of such assets. The monetary value of assets that were saved through the commission of a punishable act shall also be subject to forfeiture.

4) The court shall be at liberty to determine the extent of asset forfeiture if the determination of such extent is either impossible or involves a disproportionate effort.

### § 20b
### *Extended forfeiture*

1) Any assets under the control of a criminal organization (§ 278a) or a terrorist group (§ 278b) or provided or collected for the financing of terrorism (§ 278d) shall be subject to forfeiture.

2) If a crime has been committed for the commission of which or by which assets have been obtained, any such assets obtained in a temporal connection with this act shall also be subject to forfeiture if there is reason to believe that they were derived from an unlawful act and if their lawful origin cannot be substantiated.

3) If misdemeanours as defined by § 165, § 278, § 278c and § 304 to § 309 have been committed in a continuous or repeated manner for the commission of which or by which assets have been obtained, any such assets obtained in a temporal connection with these acts shall also be subject to forfeiture if there is reason to believe that they were derived from further misdemeanours of this nature and if their lawful origin cannot be substantiated.

4) § 20 paragraphs 2 to 4 shall apply mutatis mutandis.

## § 74a
### *Liability*

1) To the extent they are not acting in enforcement of the laws, legal persons shall be liable for any misdemeanours and crimes committed by managers unlawfully and culpably in their capacity in the performance of business activities and within the framework of the purpose of the legal person (underlying acts).

2) Legal persons shall mean

1. legal persons entered in the commercial register as well as legal persons which neither have their domicile nor a place of operation or establishment in Liechtenstein, insofar as these would have to be entered in the commercial register under domestic law, and
2. foundations and associations not entered in the commercial register as well as foundations and associations which neither have their domicile nor a place of operation or establishment in Liechtenstein.

3) Managing staff shall mean any person

1. authorized to represent the legal person in external relations,
2. who performs control in a leading capacity, or
3. otherwise exerts significant influence over the business management of the legal person.

4) Where the underlying acts have been committed by employees of the legal person, even though not culpably, the legal person shall be liable only if the commission of the act was made possible or was significantly facilitated by the failure of managing staff, as defined in paragraph 3, to take the necessary and reasonable measures to prevent such underlying acts.

5) The liability of the legal person for the underlying act and the criminal liability of the managing staff or employees for the same act shall not be exclusive of each other.

## § 165
### *Money laundering*

1) Any person who conceals, or veils the origin of, asset components originating from a crime, a misdemeanor under §§ 223, 224, 278, 278d or §§ 304 to 309, a misdemeanor under Art. 83 to 85 of the Aliens Act, a misdemeanor under the Narcotics Act, a misdemeanor under Art. 140 of the Tax Act, a misdemeanor under Art. 88 or 89 of the Value-Added Tax Act or a violation pursuant to Art. 24 of the Market Abuse Act, in particular by providing false information in legal transactions concerning the origin or the true nature or the ownership of or other rights pertaining to, the power of disposal over, the transfer of, or concerning the location of such asset components, shall be punished with imprisonment of up to three years or a fine of up to 360 daily rates.

2) Any person who appropriates asset components originating from a crime, a misdemeanor under §§ 223, 224, 278, 278d or §§ 304 to 309, a misdemeanor

under Art. 83 to 85 of the Aliens Act, a misdemeanor under the Narcotics Act, a misdemeanor under Art. 88 or 89 of the Value-Added Tax Act, or a violation pursuant to Art. 24 of the Market Abuse Act or who knowingly appropriates or takes into safekeeping asset components originating from a misdemeanor under Art. 140 of the Tax Act whether with the intention merely to hold them in safekeeping, to invest them, or to manage them, or who converts, realizes, or transfers to a third party such asset components, shall be punished with imprisonment of up to two years or a fine of up to 360 daily rates.

3) Any person who commits the offence pursuant to paragraph 1 or 2 with respect to a value exceeding 75,000 francs or as a member of a criminal group that has joined together for the purpose of continued money laundering shall be punished with imprisonment of six months up to five years.

3a) repealed

4) An asset component shall be deemed to originate from a punishable act if the perpetrator of the punishable act has obtained the asset component through the offence or received it for its commission or if the value of the originally obtained or received asset value is embodied therein.

5) repealed

6) Anyone who appropriates or takes into safekeeping asset components of a criminal organization (§ 278a) or a terrorist group (§ 278b) on behalf of or in the interest of such a criminal organization or terrorist group, whether with the intention merely to hold them in safekeeping, to invest them or to manage them, or who converts, realizes or transfers such asset components to a third party, shall be punished with imprisonment of up to three years; anyone who commits the offence with respect to a value exceeding 75,000 francs shall be punished with imprisonment of six months to five years.

## Liechtenstein Criminal Procedure Code (StPO)

### § 60

1) Objects upon which or with which the punishable act has been committed or which the perpetrator has left behind at the place of the offence are permitted, and in general objects which are to be recognised by the person charged or by witnesses or may serve to produce evidence in another manner are, insofar as possible, to be taken into judicial custody. They are either to be placed in an envelope to be closed with the court seal or to be provided with a judicial marking as protection against fraudulent substitution or risk of confusion.

2) If amongst the found objects there are items dedicated to religious worship, the court shall ensure that they are separated from all other objects and shall ensure their appropriate safekeeping.

### § 96

1) If objects are found that might be of importance to the investigation or that are subject to forfeiture or confiscation, they shall be listed in a register and taken under judicial custody or care or shall be seized (§ 60).

1a) The seizure of objects for reasons of evidence shall not be permissible and must be lifted in any event at the request of the person concerned, to the extent that and as soon as the purpose of the evidence can be fulfilled through video, audio, or other recording or through copies of written records or automatically processed data and if it is not to be assumed that the objects themselves or the originals of the seized information will be inspected during trial. Where available, the seizure shall be limited to the recordings and copies.

2) Every person shall be obliged (§ 9 paragraph 4) to surrender objects subject to seizure on request, especially also documents, or to permit the seizure in another way. If a person refuses to surrender an object the possession of which has been admitted or has been otherwise proven, and if such surrender cannot be effected by a search of premises, the possessor may, unless he is suspected of having committed the punishable act himself or is dispensed from the duty to testify as a witness, be forced to effect such surrender by a coercive penalty of up to 10,000 francs and, if the refusal continues and in important cases, also by coercive detention for a term of up to six weeks (§ 9 paragraphs 5 and 6).

2a) Where information saved on data carriers is to be seized, every person shall grant access to that information and on request hand over an electronic data carrier in a commonly used file format or have such a data carrier produced. Moreover, the person shall permit the production of a backup copy of the information saved on the data carriers.

3) The person required to surrender the object, unless he is suspected of having committed the offense himself, shall on his application be reimbursed for reasonable costs necessarily incurred by separation from documents or other evidentiary objects by others or by issuing photocopies (copies, reproductions).

4) The seizure shall be lifted as soon as its preconditions have lapsed. The seizure shall be lifted by returning the seized objects or by destroying the recordings and copies.

§ 98a

1) To the extent it appears necessary for solving a case of money laundering within the meaning of the Criminal Code, a predicate offence of money laundering, or an offence in connection with organized crime, banks, investment firms, insurance companies, asset management companies, and management companies under the UCITS Act and the Investment Undertakings Act as well as Alternative Investment Fund Managers (AIFM) under the AIFM Act (hereinafter "institutions") shall be required by judicial ruling

1. to disclose the name, other data known to them concerning the identity of a holder of a business relationship, and the address of such person,

2. provide information on whether a suspect maintains a business relationship with this institution, is a beneficial owner or authorized person of such a business relationship, and, to the extent this is the case, provide all information necessary to precisely determine this business relationship and all documents concerning the identity of the holder of the business relationship and his powers of disposal,

3. all documents and other materials concerning the type and scope of the business relationship and associated business processes and other business transactions in a specific past or future time period.

The same shall apply if, on the basis of particular facts, it must be assumed that the business relationship has been or continues to be used for transacting a pecuniary advantage that was obtained through punishable acts or received for such acts (§ 20 StGB) or is subject to the power of disposal of a criminal organization or terrorist group or has been made available or collected as means of terrorist financing (§ 20b StGB).

1a) Under the conditions mentioned in paragraph 1, persons working for institutions must testify as witnesses regarding facts that have been entrusted or made available to them pursuant to the business relationship.

2) Instead of the originals of documents and other materials, photocopies may also be handed over if their correspondence with the originals is beyond doubt. If data carriers are used, the institution must surrender permanent reproductions that are readable without any additional aids or must have such reproductions produced; if automated data processing is used to administer the business relationship, then an electronic data carrier in a commonly used file format may be transmitted. § 96 paragraph 3 shall apply mutatis mutandis.

3) A ruling under paragraph 1 shall in all cases be served upon the institution. Service upon other persons with powers of disposal that arise from the business relationship and have become known may be deferred if service would endanger the purpose of the investigation. The institution shall be notified of this and must maintain secrecy for the time being with respect to all facts and processes associated with the judicial order vis-à-vis clients and third parties. Under these conditions, persons working for the institution may also not inform the contracting party or third parties about ongoing investigations.

4) If the institution does not want to cede certain documents or other materials or does not want to divulge certain information, then § 96 et seq. shall apply mutatis mutandis. The prohibition against providing information under paragraph 3 shall not be affected thereby.